**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 7/15/2020

| | |
|---|---|
| KEVIN RIOS,<br><br>                                    Petitioner,<br><br>            -against-<br><br>CHRISTOPHER MILLER,<br><br>                                    Respondent. | 1:17-cv-02256(ALC)<br><br>**OPINION AND ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

## INTRODUCTION

Petitioner Kevin Rios brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts that: (1) the verdict was against the weight of the evidence and reversible under the Fourteenth Amendment; (2) statements by the prosecutor denied petitioner a fair trial under the Sixth and Fourteenth Amendments; (3) Petitioner received ineffective assistance of trial counsel in violation of the Sixth Amendment, and (4) his sentence was of excessive length. Upon careful consideration, the Court concludes that Petitioner has not exhausted all of his claims. The Court therefore grants Petitioner the opportunity to cure this.

## BACKGROUND

On March 18, 2008, a New York grand jury charged Rios for his role in two separate attacks. For the attack from which this matter arises, Rios was charged with three counts of first-degree rape, three counts of first-degree criminal sexual act, one count of first-degree sexual abuse, and first-degree robbery. In April of 2010, Petitioner proceeded to a jury trial in the Supreme Court,

New York County, on those counts. On May 6, 2010, petitioner was convicted on all counts and sentenced to an aggregate of 12 years. *People v. Rios*, 139 A.D.3d 620, 620 (2016), *lv. den.*, 28 N.Y.3d 973 (2016).

On March 31, 2015, Petitioner appealed the verdict before the New York Appellate Division, First Department (the "Appellate Division"), claiming that: (1a) the verdict was against the weight of the evidence; (1b) the evidence was legally insufficient as to the gratification element of sexual abuse; (1c) the evidence was legally insufficient as to the intent element of robbery; (2) misleading statements by the prosecutor violated petitioner's federal and state constitutional right to a fair trial; (3) trial counsel's errors denied petitioner his federal and state constitutional right to the effective assistance of counsel; and (4) petitioner's sentence is excessive and should be reduced or made concurrent with his sentence in the companion case (SR-010). In March 2016, the Government filed a brief in opposition, (SR-110), to which Petitioner replied on April 1, 2016 (SR-217).

The Appellate Division affirmed the judgment against petitioner. *Rios*, 139 A.D.3d at 621. As to the ineffective assistance of trial counsel claims, the Appellate Division held:

> Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside, or not fully explained by, the record, including matters of strategy (*see People v. Rivera*, 71 NY2d 705 [1988]; *People v. Love*, 57 NY2d 998 [1982]). Although many of defendant's complaints about trial counsel involve failure to make objections, the record does not reveal whether counsel had strategic reasons for not making those objections; for example, 'it is understandable that a defense counsel may wish to avoid underscoring a prejudicial remark in the minds of the jury by drawing attention to it' (*United States v. Grunberger*, 431 F2d 1062, 1069 [2d Cir 1970]).

2

Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v. Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v. Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case." *Id.* at 621-22.

Petitioner applied to the New York Court of Appeals for leave to appeal under CPL Section 460.20. SR-253. Court of Appeals denied leave. *People v. Rios*, 28 N.Y.3d 973, 66 N.E.3d 7 (2016). The Petitioner neither collaterally attacked the judgment via a Section 440.10 action, nor sought certiorari from the U.S. Supreme Court.

Thereafter, petitioner filed this timely pro se habeas corpus petition, pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his federal constitutional rights. Specifically, petitioner claims that: (1) the verdict was against the weight of the evidence and reversible under the Fourteenth Amendment; (2) statements by the prosecutor denied petitioner a fair trial under the Sixth and Fourteenth Amendments; (3) Petitioner received ineffective assistance of trial counsel in violation of the Sixth Amendment, and (4) his sentence was of excessive length.

## LEGAL FRAMEWORK

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that in order for a petitioner to prevail on a petition for habeas corpus, he must demonstrate that the state court's

decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(l)-(2).

In addition, before a federal court may address the merits of a § 2254 claim, state prisoners must "exhaust" their claims by pursuing them in the state court system until no further avenue of relief is available there. 28 U.S.C. § 2254(b), (c). "The exhaustion rule is rooted in a policy of fostering federal-state comity by giving the state the initial opportunity to pass upon and correct alleged violations of its prisoners' federal constitutional rights." *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

Exhaustion is a two-stage inquiry. First, "the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts". *Id.* at 282 (citing *Barnes v. Jones*, 665 F.2d 427, at 432 (2d Cir. 1981)). "Second, having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure appellate review of the denial of that claim." *Id.* (citing 28 U.S.C. § 2254(c)).

## DISCUSSION

While there is no dispute that most of Petitioner's claims are exhausted, there is a question as to one: his ineffective assistance of trial counsel claim.

In New York, the applicable review process for an ineffective assistance of counsel claim depends on the nature of the alleged attorney error underlying the claim. To properly exhaust a claim that relies on errors or omissions that are apparent from the record of trial or pretrial

proceedings, petitioner must raise such claim on direct appeal to the Appellate Division and then seek leave to appeal to the Court of Appeals. *See Sweet v. Bennett*, 353 F.3d 135, 140-41 (2d Cir. 2003). In contrast, to properly exhaust an ineffective assistance of counsel claim that relies on evidence outside the pretrial and trial record, petitioner must raise it as part of a motion to vacate judgment under CPL § 440.10 and then seek leave to appeal to the Appellate Division. *See Murden v. Artuz*, 497 F.3d 178, 196 (2d Cir. 2007); *Caballero v. Keane*, 42 F.3d 738, 740 (2d Cir. 1994). When presented with an ineffective assistance of counsel claim containing both matters amenable to resolution based on the record and matters that are not, courts have required that all claims be reviewed collaterally so that counsel's representation can be evaluated as a single cause of action. *See People v. Taylor*, 156 A.D.3d 86, 91-92 (N.Y. App. Div. 2017) ("Here, defendant's claim of ineffective assistance of counsel is grounded upon matters appearing both on the record and outside the record, and therefore constitutes, as the Court of Appeals has termed it, a 'mixed claim[ ]' of ineffective assistance . . . . We therefore hold that 'such a mixed claim, presented in a CPL 440.10 motion, is not procedurally barred, and the CPL 440.10 proceeding is the appropriate forum for reviewing the claim of ineffectiveness in its entirety'").(citations omitted); *People v. Maxwell*, 89 A.D.3d 1108, 1109 (2011) (same).

Here, the Appellate Division held that because petitioner's claims "involve matters outside, or not fully explained by, the record, including matters of strategy" and "since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal." *Rios*, 139 A.D.3d at 620-21. Petitioner was therefore required to proceed to pursue a 440.10 motion to exhaust his ineffective assistance of counsel claim. *See Washington v. Greiger*, No. 00cv2383 (RWS), 2001 WL 214236, at *3 (S.D.N.Y. Mar. 1, 2001) (concluding that claim for ineffective assistance of counsel that had only been raised on direct appeal was not

exhausted); *Hanson v. Albaugh*, No. 99 cv9733, 2000 WL 426420, at *2 (S.D.N.Y. April 20, 2000) (same). Nor does the Appellate Division's alternative holding that "to the extent the existing record permits review, . . . defendant received effective assistance under the state and federal standards" dictate otherwise. A Section 440.10 petition remains an available state court review. Indeed, such action, which is not time limited, remains available. *See* CPL § 440.10(1) ("At any time after the entry of a judgment. . . ."). Accordingly, petitioner's claim of ineffective assistance of counsel is unexhausted and not properly before this court on federal habeas review.

Petitioner has therefore brought a "mixed" petition, containing both concededly exhausted and the unexhausted ineffective assistance of counsel claim. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). When presented with a mixed petition, a district court has several paths forward. It may stay the petition and hold it in abeyance to give the petitioner an opportunity to exhaust all of his claims in state court. *Id.* at 276–77. Stay and abeyance are appropriate where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics". *Id.* at 278. Alternatively, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b) (2); *see also Pratt v. Greiner,* 306 F.3d 1190, 1197 (2d Cir. 2002). A district court may also "offer the petitioner 'the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims.'" *Id.*

Here, Petitioner has not shown good cause for not exhausting the ineffective assistance of counsel claim, nor is any apparent from the briefing. The Court therefore declines the "stay and abeyance" option. The Court also declines to reach the merits of the unexhausted ineffective assistance of counsel claim. In so doing, it joins other district courts that have declined to exercise

their discretion to reach the merits of unexhausted claims where state court proceedings remain available to develop the record. *See Powers v. Bartlett*, No. 08cv7733 (DC), 2009 WL 980266, at *4 (S.D.N.Y. Apr. 13, 2009) ("Although this Court has discretion to deny Powers's claims on the merits, such a course of action is unwarranted here because of the undeveloped factual record."); *Greiger*, 2001 WL 214236, at *4 ("Although this Court has discretion to deny Washington's claim on the merits—assuming arguendo it is non-meritorious—despite the lack of exhaustion, such a course of action is unwarranted under the circumstances. . . . The merits of Washington's claim of ineffective assistance of trial counsel need not be addressed until such time as Washington exhausts his state remedies and files a new petition asserting that claim."); *Hanson*, 2000 WL 426420, at *2 ("When the Appellate Division, First Department, affirmed the judgment of conviction against the petitioner, the court noted that '[o]n the existing record, which defendant has not sought to expand by means of a CPL 440 motion in order to explore counsel's strategy . . ., we find that counsel pursued a strategy that was reasonable under the circumstances.' . . . . It would be unreasonable under these circumstances for the Court to exercise its discretion under AEDPA to decide the petitioner's claims on the merits before the petitioner has exhausted his state court remedies.").

The Court will therefore give the Petitioner the choice to return to state court to exhaust his claims, or to amend the habeas petition to present only exhausted claims. If petitioner chooses to return to state court to exhaust the unexhausted ineffective assistance of counsel claim, the Court will dismiss the Petition without prejudice. The Court advises the Petitioner to consider that his exhausted claims may be time-barred, absent cause for equitable tolling, in this event. If, instead, the petitioner amends his claim to exclude the unexhausted ineffective assistance of counsel claim,

the Court will review the unexhausted claims and Petitioner may pursue his unexhausted claims separately.

Petitioner is ORDERED to submit a letter to the Court within 45 days of this Order indicating which way forward he selects.

**SO ORDERED.**

**Dated:**     **July 15, 2020**
          **New York, New York**     _____

                                      **ANDREW L. CARTER, JR.**
                                      **United States District Judge**