UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __3/29/2021__
```

KEVIN RIOS,

                Petitioner,

-against-

CHRISTOPHER MILLER,

                Respondent.

1:17-cv-02256(ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

## INTRODUCTION

Petitioner Kevin Rios brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2010 conviction and sentence for sexual assault and robbery on the grounds that: (1) the verdict was against the weight of the evidence and reversible under the Fourteenth Amendment; (2) statements by the prosecutor denied Petitioner a fair trial under the Sixth and Fourteenth Amendments; and (3) his sentence was of excessive length[1]. Upon careful consideration, the Court concludes that these grounds are defaulted without excuse or not cognizable. Accordingly, the Court DENIES the Petition for writ of habeas corpus.

## BACKGROUND

The conviction and sentence Petitioner Rios asks this Court to review arises from a May 13, 2006 sexual assault and robbery. A New York grand jury charged Rios with three counts of

---

[1] Petitioner also argued that he received ineffective assistance of trial counsel in violation of the Sixth Amendment. By an Opinion and Order dated July 15, 2020, the Court concluded Petitioner's ineffective assistance of counsel claim was unexhausted. ECF No. 37. Petitioner has asked the Court to proceed to the merits of his exhausted claims, and allow him to separately exhaust his ineffective assistance claim. ECF No. 39.

1

first-degree rape by forcible compulsion (New York Penal Law ("Penal Law") § 130.35(1)), three counts of first-degree criminal sexual act by forcible compulsion (Penal Law § 130.50(1)), one count of first-degree sexual abuse by forcible compulsion (Penal Law § 130.65(1)), and first-degree robbery by displaying what appeared to be a firearm (Penal Law § 160.15(4)). Petitioner proceeded to trial in April 2010.

The victim, who will be referred to as C.M. to protect her privacy, was a witness for the Government at the April 2010 trial. C.M. testified that around 1:30 am on May 13, 2006, she drove a minivan from her New Jersey home to Manhattan to work as a prostitute. Tr. 182-84. When she stopped at a deli on 48th Street and Seventh Avenue, Petitioner and another man pulled up beside her in an SUV. Tr. 183-85. The men propositioned C.M., who identified herself as a prostitute. The victim initially resisted their advances, then told them that she charged $100 per person for oral sex. Tr. 185-86. The men followed C.M. in their SUV to a parking lot at 58th Street between Eleventh Avenue and the West Side Highway. Tr. 187-88, 190, 252.

C.M. further testified that when she and the two men stopped at the parking lot, Petitioner got into the front passenger seat of C.M.'s van and pulled out a handgun. Tr. 197-98, 245-46. He then tore apart the front of the van looking for a cash box. Tr. 200-202. C.M. told him that the only money in the car was $13 she had in her purse. At that point, Petitioner ripped off C.M.'s clothing and boots and put his hand inside her vagina. Tr. 201-04, 246. The men then repeatedly forced C.M. to perform oral sex on them, and penetrated her with their fingers and penises. Tr. 202-13, 246-49. Petitioner later pulled C.M. out of the vehicle. Tr. 215-216. The two men then wiped down the van with gloves. Tr. 215-17. As the accomplice drove away in the van, taking C.M.'s purse, Petitioner left the scene in the SUV. Tr. 215-17.

C.M. testified that, after the men departed, she called her pimp and 911. Tr. 219-20. When the police arrived, they questioned C.M. and took her to a hospital, where a sexual assault evidence kit ("rape kit") was prepared. Tr. 224-29, 292-303, 308-09.

Along with the testimony from CM, the People's case included testimony by Barbara Schoor, an expert sexual assault forensic examiner who examined C.M. at the hospital after the attack and prepared the rape kit. The People also called several other witnesses, including officers of the New York Police Department involved in the investigation. A DNA expert also testified that DNA recovered from evidence in this case matched Petitioner's DNA in a public database. Tr. 343-46, 369-70, 481-82.

Petitioner was the sole witness on his own behalf at the trial. He testified that he did not think that C.M. was a prostitute, but merely an intoxicated woman who wanted to have fun. Tr. 531-32. According to Petitioner, he and a man he identified as John had consensual sexual relations with C.M. Tr. 515-18, 533-39, 552-53. Petitioner testified that he saw John drive off in C.M.'s van and "had no clue what was going on". Tr.518-19, 539. He testified that he did not know that John was going to take the van and was "in shock". Tr. 519, 539.

On April 16, 2010, a jury convicted Petitioner of three counts of Rape in the First Degree, three counts of Criminal Sexual Act in the First Degree, one count of Sexual Abuse in the First Degree, and one count of Robbery in the First Degree. Tr. 683-87. On May 6, 2010, the Supreme Court sentenced Petitioner to 12 years for each count of rape, criminal sexual act, and robbery, and 7 years for sexual abuse, with all terms to run concurrently. The court imposed a 5-year period of post-release supervision for each conviction, to be served concurrently. The court ordered that

those sentences were to run consecutively to the 15-to-life sentence imposed on October 20, 2009 for Petitioner's conviction in a companion case. [2]

On March 31, 2015, Petitioner appealed the verdict before the New York Appellate Division, First Department (the "Appellate Division"), claiming, in relevant part, that: (1a) the verdict was against the weight of the evidence; (1b) the evidence was legally insufficient as to the gratification element of sexual abuse; (1c) the evidence was legally insufficient as to the intent element of robbery; (2) misleading statements by the prosecutor violated Petitioner's federal and state constitutional right to a fair trial; and (3) Petitioner's sentence is excessive and should be reduced or made concurrent with his sentence in the companion case. SR-010. In March 2016, the Government filed a brief in opposition, SR-110, to which Petitioner replied on April 1, 2016, SR-217.

The Appellate Division affirmed the judgment against Petitioner. *People v. Rios*, 2016 NY Slip Op 04128, ¶ 1, 139 A.D.3d 620, 621, 33 N.Y.S.3d 32, 33 (App. Div. 1st Dept.). It concluded that Petitioner's "legal sufficiency claims as to the sexual abuse and robbery counts [we]re unpreserved" and "decline[d] to review them in the interest of justice". *Rios*, 139 A.D.3d at 620. The Appellate Division rejected the legal sufficiency claims in the alternative. *Id.* Further, it rejected Petitioner's "remaining challenges to the sufficiency of the evidence", "find[ing] that the verdict was not against the weight of the evidence" and that there was "no basis for disturbing the jury's determinations concerning credibility". *Id.* On the last point, it noted that Petitioner's

---

[2] In a companion case, Petitioner was convicted of two counts of Predatory Sexual Assault, a class A-II felony (Penal Law § 130.95(1)(b)). The Appellate Division, First Department, affirmed Petitioner's judgment, and the New York Court of Appeals denied leave to appeal. *People v. Rios*, 102 A.D.3d 473 (1st Dep't), *lv. den.*, 20 N.Y.3d 1103 (2013). This Court denied Petitioner's habeas application. *Rios v. Miller*, No. 14-CV-1727 (KBF), 2015 U.S. Dist. LEXIS 116410 (S.D.N.Y. Sept. 1, 2015).

"arguments concerning the victim's motive to falsify [we]re unconvincing" and that Petitioner's "testimony was completely contradicted by his prior statements and was otherwise incredible". *Id*.

As to Petitioner's challenge to the prosecutor's argument on summation, the Appellate Division held that it was unpreserved and declined to review it in the interest of justice. *Id.* As an alternative holding, it held "that the challenged remarks generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, made in response to defense arguments, and that the summation did not deprive defendant of a fair trial". *Id.* Finally, the Appellate Division rejected Petitioner's arguments for a reduced sentence. It "perceive[d] no basis for reducing the sentence, or running it concurrently with the sentence on defendant's other rape conviction." *Id.* Rios sought further appeal before the New York Court of Appeals, but leave was denied. *People v. Rios*, 2016 NY Slip Op 99157(U), 28 N.Y.3d 973 (2016).

Thereafter, Petitioner filed this timely *pro se* habeas corpus petition, pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his federal constitutional rights. ECF No. 1. Specifically, Petitioner claims that: (1) the verdict was against the weight of the evidence and reversible under the Fourteenth Amendment; (2) statements by the prosecutor denied Petitioner a fair trial under the Sixth and Fourteenth Amendments; and (3) his sentence was of excessive length. On January 16, 2018, the Government opposed the motion, arguing that Petitioner's claims were unexhausted, defaulted, not cognizable or otherwise without merit. ECF Nos. 19-21. On May 11, 2018, Petitioner filed a reply in further support of his Petition. ECF No. 32.

By an Opinion and Order dated July 15, 2020, the Court concluded that Petitioner's ineffective assistance of counsel claims were unexhausted. ECF No. 36. Accordingly, the Court gave the Petitioner the choice to have the Petition dismissed without prejudice so he might return

to state court to exhaust his ineffective assistance claim, or to amend the Petition to present only exhausted claims. *Id*. By letter dated August 24, 2020, Petitioner indicated that he would pursue his unexhausted claim separately and asked the Court to proceed to the merits of his exhausted claims. ECF No. 39. As requested by Petitioner, this Opinion and Order considers the exhausted portion of the Petition. For the reasons that follow, the request for a writ of habeas corpus as to those claims is DENIED.

## LEGAL FRAMEWORK

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that in order for a petitioner to prevail on a petition for habeas corpus, he must demonstrate that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(l)-(2).

"In a challenge under 28 U.S.C. § 2254 to the evidentiary sufficiency of a state criminal conviction, [a court] review[s] the evidence in the light most favorable to the State and the applicant is entitled to habeas corpus relief only if no rational trier of fact could find proof of guilt beyond a reasonable doubt based on the evidence adduced at trial." *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). In addition to "crediting every inference that could have been drawn in the government's favor", a court must also "defer[] to the jury's assessment of witness credibility, and its assessment of the weight of the evidence." *United States v. Vilar*, 729 F.3d 62, 91 (2d Cir. 2013) (citing *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008)). "Petitioner bears a 'very heavy burden' in convincing a federal habeas

6

court to grant a petition on the grounds of insufficient evidence." *Ponnapula*, 297 F.3d at 179 (citing *Quirama v. Michele*, 983 F.2d 12, 14 (2d Cir. 1993)).

In addition, before a federal court may address the merits of a § 2254 claim, state prisoners must "exhaust" their claims by pursuing them in the state court system until no further avenue of relief is available there. 28 U.S.C. § 2254(b), (c). "The exhaustion rule is rooted in a policy of fostering federal-state comity by giving the state the initial opportunity to pass upon and correct alleged violations of its prisoners' federal constitutional rights." *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

Exhaustion is a two-stage inquiry. First, "the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts". *Id.* at 282 (citing *Barnes v. Jones*, 665 F.2d 427, at 432 (2d Cir. 1981)). "Second, having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure appellate review of the denial of that claim." *Id.* (citing 28 U.S.C. § 2254(c)).

"[I]f the state prisoner fails to exhaust his state remedies in a manner in which, were he to return to the state courts with his unexhausted claim, those courts would find the claim barred by the application of a state procedural rule, [a court] 'must deem the claim procedurally defaulted.'" *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (citing *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir.2011)). "Alternatively, a procedural default occurs if the state court's rejection of a federal claim rests on a state law ground—such as the operation of a state procedural rule—that is both 'independent of the federal question and adequate to support the judgment.'" *Id*. (citing *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir.2008).

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991). To establish cause for a default, a petitioner must adduce "some objective factor external to the defense" which explains why he did not raise the claim previously. *Gonzalez v. Sullivan,* 934 F.2d 419, 422 (2d Cir.1991) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). The "fundamental miscarriage of justice" prong, which is met when a petitioner presents "credible and compelling claims of actual innocence", *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019), is not relevant here.

## DISCUSSION

The Court considers Petitioner's weight of the evidence, fair trial, and excessive sentence claims in turn. Having concluded that all are procedurally defaulted without excuse or not cognizable, the Court will deny this Petition.

1. Weight of the Evidence

Petitioner argues that the verdict was against the weight of the evidence because (1) the victim was an experienced prostitute with "a strong motive to retroactively claim that the sexual contact was non-consensual"; and (2) there was no testimony supporting the sexual gratification element of sexual abuse or (3) that Petitioner had the intent to steal the victim's car. Pet. at 6.

Cast in terms of weight of the evidence, Petitioner's claims fail. "Weight-of-the-evidence claims are grounded in state law and are not cognizable on federal habeas review." *Fashaw v.*

8

*Griffin*, No. 17-CV-7328 (KPF) (BCM), 2020 U.S. Dist. LEXIS 206195, at *24 (S.D.N.Y. Aug. 25, 2020) (collecting cases). However, because a court must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest'", the Court will examine Petitioner's arguments to see if some iteration of them is viable. *McPherson v. Coombe,* 174 F.3d 276, 280 (2nd Cir. 1999) (citing *Burgos v. Hopkins,* 14 F.3d 787, 790 (2nd Cir. 1994)). For the reasons below, the Court concludes there is no viable claim here.

Petitioner's arguments may be framed as sufficiency of the evidence claims, rather than non-cognizable weight of the evidence claims. These arguments were presented to the Appellate Division and are therefore exhausted. However, the Appellate Division rejected Petitioner's sufficiency of the evidence claims related to the sexual gratification element of sexual abuse and Petitioner's intent to steal C.M.'s car because they were unpreserved. The contemporaneous objection rule is well-established as an independent and adequate state-law ground barring federal habeas review, so long as it is not "exorbitant[ly] misapplied." *Downs v. Lape*, 657 F.3d 97, 102 (2d Cir. 2011). This Court sees no misapplication, nor has Petitioner contended that is the case. Accordingly, the Court concludes these two claims are procedurally defaulted. While the Court may review a defaulted claim where cause and prejudice are shown, Petitioner has made no showing of either. Therefore, even if styled as sufficiency of evidence claims, Petitioner's arguments cannot support grant of the writ.

Petitioner also contends that there was insufficient evidence for his conviction because C.M. had a motive to lie. This Court cannot entertain that argument, which can only be understood as attacking the credibility assessment made by the jury regarding C.M.'s testimony. Instead, the Court must "defer[] to the jury's assessment of witness credibility, and its assessment of the weight of the evidence." *Vilar*, 729 F.3d at 91.

In sum, even when interpreted most generously, Petitioner's arguments regarding the weight of the evidence fail.

2. Prosecutor's Statements

Petitioner argues that his conviction should be "reversed in the interest of justice where the cumulative effect of the prosecutor's misleading statements denied [Petitioner] a fair trial". Pet. at 9. Petitioner argued in his appeal to the Appellate Division, and the Court assumes argues here, that he was denied a fair trial because the prosecutor vouched for the credibility of CM in the summation and misdirected the jury regarding scientific evidence. SR-080-082. These arguments were exhausted. However, the Appellate Division rejected them on the grounds that they were unpreserved. As above, these arguments are therefore defaulted and Petitioner has made no showing why the default should be excused. Accordingly, the Court may not review this ground.

3. Excessive Sentence

Petitioner argues that "it was excessive to impose [a] consecutive sentence for the rape of an adult woman involving no physical injury on the ground that a 'murder' sentence was appropriate". Pet. at 11. The Appellate Division rejected this argument on the merits, concluding that it "perceive[d] no basis for reducing the sentence, or running it concurrently with the sentence on defendant's other rape conviction." *Id*. This claim is therefore exhausted and not defaulted.

However, Petitioner has not presented a cognizable habeas claim. There is no dispute that the sentence imposed on Petitioner was within the range permitted by New York law. "No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) *(citing Underwood v. Kelly,* 692 F. Supp. 146 (E.D.N.Y. 1988), *aff'd mem.,* 875 F.2d 857 (2d Cir. 1989)). Petitioner also argues that

10

this Court should reduce the sentence in the interest of justice. Reply at 13. But, "[a]lthough New York's Appellate Division has discretion to reduce a sentence in the interest of justice . . ., a federal habeas court considering a state-court conviction has no such power, and a claim that a sentence should be reduced in the interest of justice does not allege a violation of a federally protected right." *Rodriguez v. Lee*, No. 10 Civ. 3451 (RMB)(JCF), 2011 U.S. Dist. LEXIS 38586, 2011 WL 1362116, at *7 (S.D.N.Y. Feb. 22, 2011) *adopted by* 2011 U.S. Dist. LEXIS 38589, 2011 WL 1344599 (S.D.N.Y. Apr. 8, 2011).

Even if the Court were to construe Petitioner's excessive sentence claim as resting on a federal or constitutional ground, it would still fail. This is because Petitioner did not raise any constitutional or federal law ground in state court. *See* SR-106-07, SR247-48. Any such arguments would be unexhausted and defaulted because they were not raised on direct appeal. *See e.g.*, *White*, 969 F.2d at 1383. As the Court held above, Petitioner has made no showing to excuse default. Accordingly, the Court could not consider constitutional or federal grounds of the excessive sentence claim even if the Petition may be read to advance them.

## CONCLUSION

For the reasons above, the Court concludes that each of Petitioner's grounds for relief fails. Therefore, the Petition for writ of habeas corpus is DENIED. The Clerk of Court is respectfully directed to close this case and mail Petitioner a copy of this Opinion and Order.

**SO ORDERED.**

**Dated:**     **March 29, 2021**
          **New York, New York**

                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**